OPINION
Defendant Roy Mellott appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which classified him as a sexual predator subject to the reporting requirement of R.C. 2950.09. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT A SEXUAL PREDATOR.
The seminal case in Ohio is State v. Cook (1998), 83 Ohio St.3d 404. In Cook, the Ohio Supreme Court addressed a challenge similar to appellant's under a manifest weight standard of review, Cook at 426. Because the Cook decision determined that Chapter 2950 is remedial in nature, and not punitive, we review manifest weight claims under the civil standard of review as stated in C.E. Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 279. If a judgment is supported by some competent and credible evidence going to each of the essential elements of the case, this court may not reverse it as being against the manifest weight of the evidence, Morris at syllabus. R.C.2950.01 (E) defines a sexual predator as a person who is convicted of or pleads guilty to a sexually oriented offense, and who is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.09 (B) sets forth a number of non-exclusive factors for the trial court to consider: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
At the sexual predator hearing in the instant case, the State presented evidence that appellant pled guilty to one count of rape and two counts of gross sexual imposition. The transcript of proceedings indicates appellant, admitted having sexual contact with his live-in girlfriend's two children, who ranged in age from approximately ages 4 through 6 at the time of the offense. One of the victims was male and other female. The trial court noted the sexual conduct in this matter involved not only inappropriate touching, but anal sexual intercourse. The court further noted the sexual conduct took place for an extended period of time while the appellant was a babysitter and a live-in boyfriend, and appellant used those circumstances to abuse the children. Appellant denied the molestations up until the time he pled guilty, and threatened the children not to divulge the abuse. We have reviewed the record, and we find the trial court's judgment is supported by clear and convincing evidence which the trial court thoroughly detailed in narrative fashion in the judgment entry. The assignment of error is overruled. '
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Milligan, V. J., Hoffman, J., and Farmer, J., concur